UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE L. PERRONE** | ) | |
| | ) | **Case Number** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| **ASSET ACCEPTANCE, LLC** | ) | |
| **&** | ) | **JURY TRIAL DEMANDED** |
| **THE SCHREIBER LAW FIRM, LLC** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Michelle L. Perrone, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiff, Michelle L. Perrone, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York General Business Laws §349 and §601 and Invasion of Privacy by Intrusion into Private Affairs.

### II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant, Schreiber Law Firm maintains a primary location in this District.

### III.  PARTIES

4.      Plaintiff, Michelle L. Perrone, (hereafter, Plaintiff) is an adult natural person residing at 20 Shady Glen Court, New Rochelle, NY 10805.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Asset Acceptance, LLC (hereafter, Defendant, Asset), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within but not limited to the State of New York and the Commonwealth of Pennsylvania with a principal place of business located at 781 Far Hills Drive, Ste. 100, New Freedom, PA 17379.

6.      Defendant, The Schreiber Law Firm, LLC, (hereafter, Schreiber Law Firm), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within but not limited to the State of New York and the Commonwealth of Pennsylvania with a primary location for business at Six Neshaminy Interplex, Suite 209, Trevose, PA 19053.

7.      Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

8.      Within the last twelve (12) months, the Plaintiff has been receiving constant and continuous calls from Defendant, Asset, to her personal cell phone, in an attempt to collect on an alleged debt said to be owed on a past due Citibank account.

9. Plaintiff is said to owe a balance of $7,529.21 on an account that was charged off in October, 2012.

10. Despite repeatedly informing Defendant, Asset, that she could not afford to make payment arrangements on this account, the collection calls from Defendant, Asset continued constantly.

11. Defendant, Asset, warned the Plaintiff that failure to make payment on this account would lead to wage garnishment.

12. Plaintiff was also threatened with legal action resulting in possible liens and loss of her home if she failed to set up arrangements to pay on this account.

13. Defendant, Asset, at no time, informed the Plaintiff of her rights to dispute this alleged debt only demanding payment immediately.

14. In or around, April, 2013, despite contact and multiple conversations with the Plaintiff, Defendant, Asset, called Plaintiff's parents home informing them that they were collecting on a debt and needed to speak with their daughter as soon as possible.

15. Defendant, Asset's, call to Plaintiff's parents have caused a serious rift in Plaintiff's family.

16. During that same time, Plaintiff contacted Defendant, Asset, telling them not to call her parents home again.

17. Plaintiff again informed Defendant, Asset, that she could not afford to make payments on this account and wanted the calls to stop.

18. At that, a male agent of Defendant, Asset, demanded to know who was paying for the cell phone that the Plaintiff was speaking on.

19. Defendant, Asset's agent, went on to further insist that the Plaintiff take the money that she was using to pay for her cell phone and pay off this debt.

20. Before ending the call, Defendant, Asset's, male agent warned the Plaintiff that Asset was not going away and they were going to continue to call her until she found a way to pay them.

21. Defendant, Asset, continued to call Plaintiff on her cell phone daily demanding payment on this account.

22. On or about January 17, 2014, Plaintiff received a letter from Defendant, Schreiber Law Firm, to her parents' home in Norwalk, Connecticut.

23. Defendant, Schreiber Law Firm, stated that they were collecting on behalf of Defendant, Asset, and were now looking for a full balance of $8,136.49.

24. Exactly one (1) month later, on February 17, 2014, Defendants, Asset Acceptance, LLC and The Schreiber Law Firm, LLC, sued Plaintiff in the State of Connecticut Superior Court for this alleged debt in the amount of $7,529.21.

25. Defendant, Schreiber Law Firm, sent the above referenced summons to Plaintiff's parents' home, again delivering personal information, as with their initial letter, to the wrong address.

26. Plaintiff resides in New York and has done so for the last eleven (11) years.

27. Defendant, Schreiber Law Firm, has violated the FDCPA, by demanding an amount in excess of any verifiable amount prior to filing a lawsuit and by bringing legal action against the Plaintiff in a location other then where Plaintiff resides.

28. As of the filing of this complaint, Defendant, Asset, is now reporting this account on Plaintiff's credit with another unverifiable amount and alleged unpaid balance of $8,266.00.

29.     The Defendants knew or should have known that their actions violated the FDCPA. Additionally, the Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA but neglected to do so and failed to adequately review those actions to insure compliance was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

30.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31.     As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

*Plaintiff v. All Defendants*

32.     The above paragraphs are hereby incorporated herein by reference.

33.     At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

    §§ 1692b(2):   Contact of Third Party: Stated that the consumer owes any

               debt

| | |
|---|---|
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once unless requested to do so |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount or legal status of the alleged debt |
| §§ 1692e(4): | Nonpayment of any debt will result in garnishment or attachment |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g(a)(3): | Must state the right to dispute within 30 days |
| §§ 1692i(a)(2): | Brought any legal action in a location other then where the consumer resides |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

*Plaintiff v. All Defendants*

35. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

36. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

37. GBL §349 provides in relevant part as follows:

 (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

 (g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

38. As a direct and proximate result of Defendants deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that they, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendants.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages

b. Statutory damages

c. An award of reasonable attorney's fees and expenses and cost of suit; and

d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III

### Violations of New York General Business Law §601

*Plaintiff v. All Defendants*

39. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

40. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

41. GBL §601 provides in relevant part as follows:

    (a) Communicate with the debtor or any member of her family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor;

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

    d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

*Plaintiff v. All Defendants*

42. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

43. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44. New York further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated New York state law.

45. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

46. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

48. All acts of the Defendants were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

    a. Actual damages

    b. Statutory damages

    c. An award of reasonable attorney's fees and expenses and cost of suit; and

      d.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  April 11, 2014**          **BY:** */s/  Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
bvullings@vullingslaw.com
Attorney for the Plaintiff