UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michelle L. Perrone,<br>    Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC and The Schreiber Law Firm, PLLC,<br>    Defendants. | Case No. 14-CV-02148 |

## ANSWER OF THE SCHREIBER LAW FIRM, PLLC
## TO THE COMPLAINT

### FIRST DEFENSE

NOW COMES, defendant The Schreiber Law Firm, PLLC (hereinafter "defendant"), and for its answer to the complaint ("complaint") states as follows:

1. Paragraph 1 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statutes to which Plaintiff refers to speak for themselves. To the extent facts are deemed to be alleged therein, they are denied.

2. Paragraph 2 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same.

3. Paragraph 3 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same.

4. Paragraph 4 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statute to which Plaintiff refers to speaks for itself. To the extent facts are deemed to be alleged therein, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the compliant.

6. Admitted that defendant is a law firm and that it attempts to collect debts legally owed to its clients. Defendant denies the allegation regarding its primary location for business.

7. Admitted that defendant is a law firm and that it attempts to collect debts legally owed to its clients. To the extent that paragraph 7 of the complaint calls for a legal conclusion to which no response is required, defendant denies the same.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the complaint.

9. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the complaint.

11. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the complaint.

13. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the complaint.

15. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the complaint.

17. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the complaint.

20. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

21. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22. Defendant admits the allegations set forth in paragraph 22 of the complaint that it sent correspondence to the defendant on or about January 13, 2014. Defendant denies the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the complaint.

23. The letter referenced in paragraph 23 of the complaint speaks for itself. Defendant admits that is a law firm and that was attempting to collect a debt legally owed to its client.

24. Defendant admits that a summons, civil complaint and statement re amount in demand was served by the Fairfield County State Marshall at 23 Mcallister Avenue,

Norwalk, Connecticut on March 5, 2014. Defendant denies the remainder of the allegation in paragraph 24 of the complaint.

25. Defendant admits that a summons, civil complaint and statement re amount in demand was served by the Fairfield County State Marshall at 23 Mcallister Avenue, Norwalk, Connecticut on March 5, 2014. Defendant denies the remainder of the allegation in paragraph 25 of the complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the complaint.

27. Defendant denies the allegations in Paragraph 27 of the complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the complaint.

29. Defendant denies the allegations in Paragraph 29 of the complaint.

30. Defendant denies the allegations in Paragraph 30 of the complaint.

31. Defendant denies the allegations in Paragraph 31 of the complaint.

32. Defendant incorporates by reference its responses to paragraphs 1 through 31 inclusive of the answer.

33. Paragraph 33 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statutes to which Plaintiff refers to speaks for themselves. To the extent facts are deemed to be alleged therein, they are denied.

34. Paragraph 34 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statutes to which Plaintiff refers to speak for themselves. To the extent facts are deemed to be alleged therein, they are denied.

35. Defendant incorporates by reference its responses to paragraphs 1 through 34 inclusive of the answer.

36. Paragraph 36 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statute to which Plaintiff refers to speaks for itself. To the extent facts are deemed to be alleged therein, they are denied.

37. Paragraph 37 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statute to which Plaintiff refers to speaks for itself. To the extent facts are deemed to be alleged therein, they are denied.

38. Paragraph 38 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statutes to which Plaintiff refers to speak for itself. To the extent facts are deemed to be alleged therein, they are denied.

39. Defendant incorporates by reference its responses to paragraphs 1 through 38 inclusive of the answer.

40. Paragraph 40 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statute to which Plaintiff refers to speaks for itself. To the extent facts are deemed to be alleged therein, they are denied.

41. Paragraph 41 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statute to which Plaintiff refers to speaks for itself. To the extent facts are deemed to be alleged therein, they are denied.

42. Defendant incorporates by reference its responses to paragraphs 1 through 41 inclusive of the answer.

43. Paragraph 43 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. To the extent facts are deemed to be alleged therein, they are denied.

44. Paragraph 44 of the complaint calls for a legal conclusion to which no response is required and defendant denies the same. The statute to which Plaintiff refers to speaks for itself. To the extent facts are deemed to be alleged therein, they are denied.

45. Defendant denies the allegations in Paragraph 45 of the complaint.

46. Defendant denies the allegations in Paragraph 46 of the complaint.

47. Defendant denies the allegations in Paragraph 47 of the complaint.

48. Defendant denies the allegations in Paragraph 48 of the complaint.

## SECOND AFFIRMATIVE DEFENSE

49. Plaintiff fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

50. Plaintiff's damage claim should be reduced due to the fact that plaintiff has failed to mitigate her damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

51. Plaintiff has failed to state a claim under the Fair Debt Collection Practices Act upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

52. If plaintiff was injured as alleged, which is denied, it was the result of an unintentional bona fide error notwithstanding defendant's procedures to avoid such errors.

## SIXTH AFFIRMATIVE DEFENSE

53. The court lacks subject matter jurisdiction.

## SEVENTH AFFIRMATIVE DEFENSE

54. Plaintiff has failed to state a claim under the New York General Business Law upon which relief may be granted.

WHEREFORE, the defendant, The Schreiber Law Firm, PLLC, respectfully requests that this Honorable Court dismiss the complaint and enter judgment in favor of defendant and such other relief as it deems just and proper, including costs and attorneys fees.

                          Respectfully submitted,
                          THE SCHREIBER LAW FIRM, PLLC

Dated: May 13, 2014            /s/ _David K Bifulco_